**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**AMANDA SUE SMITH**,
         **PLAINTIFF**

     **V.**

**UNITED STATES OF AMERICA,**
         **DEFENDANT**

Case No. **1:15-cv-00726-** WSD

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Plaintiff, **AMANDA SUE SMITH**, hereby moves this Court for leave to file a Second Amended Complaint, attached hereto as Exhibit "A". Plaintiff seeks leave to file this amended pleading in light of the receipt of significant and relevant factual information that was received by the Plaintiff subsequent to Plaintiff's filing of the original complaint (Doc. 1) and subsequent to Plaintiff's filing of her First Amended Complaint (Doc. 10) on June 28, 2015.

Plaintiff's Second Amended Complaint sets forth further specific allegations and factual information that supports Plaintiff's claims and addresses certain deficiencies advanced in the Defendant's pending Motion to Dismiss (Doc. 13).

The factual information that is the basis for this motion was received by the Plaintiff on or about August 11, 2015 pursuant to a Public Records Request made

1

of the Sandy Springs (Georgia) Police Department (hereinafter " SSPD"). Said Public Record Request was made during the pendency of Plaintiff's Motion to File an Amended Complaint (Doc. 10) filed on June 28, 2015 and the Court's Order granting the Motion to Amend on October 14, 2015. This information was not available to the Plaintiff, per the SSPD representatives, until the sentencing of the last defendant in the murder case in which this material was a part. Said sentencing occurred on August 10, 2015, at which counsel for the Plaintiff was present. The Public Record request was filed immediately thereafter and received on August 11, 2015.

The factual information includes but is not limited to approximately 90,000 phone call records and text messages with reference to email communications, a significant number of which have been determined to be communications between the Federal Bureau of Investigation's (hereinafter "FBI") Special Agents, including SA Dante Jackson and SA William Gant and others and the FBI Confidential Informant ("CI") Mani Chulpayev. The factual information also contains more than a thousand pages of SSPD investigatory notes, numerous witness interviews (written, audio and video), police summaries of meetings with witnesses, including perpetrators in the murder case and with FBI personnel including representatives of the FBI Office of Professional Responsibility (hereinafter "OPR"), Department of Justice (hereinafter "DOJ") Office of Inspector General (hereinafter "OIG")

personnel, personnel of the FBI Atlanta Field Office and representatives of the United States Attorney's Office (hereinafter "USAO") for the Northern District of Georgia. A significant portion of this information bears heavily on the close relationship between the FBI and its SA's, especially SA Jackson and the CI, Mani Chulpayev and the FBI's overall conduct with CI Chulpayev and especially its impact on and its relevance to the claims asserted in the instant matter.

## MEMORANDUM OF LAW

The Plaintiff, having previously amended the original complaint with the consent of the Defendant, seeks leave to file a Second Amended Complaint in order to add additional factual information which provides additional support to and clarification of the allegations set forth in the First Amended Complaint. Plaintiff sought the consent of the Defendant with respect to the instant motion but the Defendant has withheld its consent.

Plaintiff asserts that while the First Amended Complaint and the allegations contained therein are more than sufficient to satisfy the pleading standards set forth in the Federal Rules of Civil Procedure, Rule 8 (a) and in the United States Supreme Court decisions in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft  v. Iqbal,* 556 U.S. 662 (2009) and the body of Eleventh Circuit case law addressing issues of the sufficiency of pleadings, good cause exists to grant the instant motion and permit the addition of the recently acquired factual information

through the amended complaint which will provide the Court and the Defendant with a clearer and more precise statement of the claims asserted by the Plaintiff and render further proceedings before this Court more efficient.

## BACKGROUND

Plaintiff filed her Complaint against the Defendant on March 11, 2015 (Doc. 1) pursuant to the provisions of the Federal Tort Claims Act (hereinafter "FTCA"). *28 U.S.C. Section 1346 (b)* et seq. The Complaint, based on information available to the Plaintiff at that time, contained a number of allegations and claims for damages against the Defendant.  Plaintiff alleged that the Defendant, by and through its employees acting within the scope of their employment, acted in a negligent manner and engaged in wrongful conduct and failed to act and encouraged, assisted and allowed a CI, Chulpayev, to engage in criminal conduct, presumably that was outside of that allowed by law/policy for CI's, that was foreseeable based on the CI's criminal background, and would allow him, as he had knowingly done in the recent past, to prey on unsuspecting individuals, especially the Plaintiff, and proximately cause financial loss to the Plaintiff and similarly situated individuals.

The First Amended Complaint, following the receipt of additional relevant information, added counts for deliberate indifference (Count II) and injury to personalty (Count III) and supportive allegations in addition to the earlier allegations.(Doc. 10) It is also alleged that the Defendant's employees, with

complete and utter disregard for the Order of Judgment of a District Court Judge in the Northern District of Georgia, recruited and used the CI, Chulpayev in its investigations and presumably in its prosecution of individuals.  It was also alleged that the Defendant, again in complete disregard for its own FBI and DOJ policies regarding the use of CI's, used the CI Chulpayev for its intentional benefit, all to the detriment of the Plaintiff, ignoring the duty of every individual to exercise due care in the performance of her/his duties or actions that Plaintiff alleges is applicable in the instant matter along with the Defendant's obligation and duty owed to third persons to protect them from the wrongful and/or criminal acts of a person with whom the Defendant has a close personal relationship, over whom the Defendant exercises a degree of control and over whom the Defendant is aware based on the circumstances of this case, the party has a propensity to engage in illegal/criminal conduct.  It is also alleged that the FBI S/A's and the CI knowingly engaged in unconstitutional conduct in the unauthorized use of GPS tracking devices in the investigation and prosecution of alleged felons and the unauthorized use of the CI in recording conversations the CI had with targets and/or those suspected of criminal activity. These aforementioned activities are, in Plaintiff's opinion, clear examples of negligence, including deliberate indifference, wrongful conduct and failure to act  of the Defendant by and through its employees.

The Second Amended Complaint contains additional factual allegations of

negligence (Count I), wrongful conduct and deliberate indifference (Count II) and failure to protect the personalty of the Plaintiff, namely, all three (3) automobiles (Count III) that the Defendant was fully aware the CI had converted to his own use and the use of the FBI and its SA's including but not limited to SA Jackson.

It should be noted that a portion of the additional information received by the Plaintiff in August 2015 includes information collected from the late summer or early fall of 2011to and including through the investigation and prosecution of the murder case in which CI Chulpayev was a named Defendant.

The relationship between the FBI, including but not limited to SA's Jackson's and SA Gant's relationship with said CI Chulpayev, began anew after his release from federal prison in 2008 and only through pretrial discovery will any additional information that Plaintiff alleges is relevant to this matter be obtained.

## ARGUMENT

Federal Rule of Civil Procedure, Rule 15 (a) provides that leave to amend a complaint "shall be freely given when justice so requires". *Fed.R.Civ.P., Rule 15(a).* "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.—the leave should, as the rules require, be 'freely given'". *McKinley v.*

*Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  The trial court has discretion in deciding whether to grant leave to amend, but "that discretion is limited by Federal Rule of Civil Procedure, Rule 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits".   " Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires" *U.S. ex rel Saldivar v. Fresenius Medical Care Holdings, Inc*., 972 F.Supp.2d 1317, 1328 (2013) citing *Shipner v. E. Airlines, Inc.*, 868 F2d 401, 406-407 (11th Cir. 1989).  The Saldivar court went on to state that "Rule 15(a)'s liberal policy of 'permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial'". *Saldivar*, at 1328, citing *Shipner* at 407.

A Plaintiff who seeks leave to file a second amended complaint, having been granted one (1) previous amendment, "may do so only by leave of court or by written consent of the adverse party". *Fed.R.Civ.P. 15(a)(2)*.  As stated above, the Defendant, exercising its right to do so, has withheld its consent to a Second Amended Complaint.

Plaintiff's request for leave to amend the First Amended Complaint in the

instant matter does not fall within any of the several categories referenced above in *Foman* and *McKinley* by which it might be appropriate to deny Plaintiff's leave to amend, to wit, there is no evidence or even a suggestion that the plaintiff has acted in bad faith; likewise there is no factual basis or even the suggestion that the Plaintiff has filed this request for dilatory purposes; the Plaintiff has not "repeatedly failed to cure deficiencies by amendments previously allowed"; the granting of the requested leave to amend will not, in any way, cause undue delay in the prosecution of this matter and certainly will not prejudice the Defendant and the amendment, together with the additional factual assertions, is not futile. Plaintiff will address each category separately below.

1. <u>Bad Faith</u>.  The request to amend cannot reasonably be construed as an act of bad faith on the part of the Plaintiff and/or her counsel. As stated above, the request for leave to amend is based on the receipt of additional factual information that was unknown to Plaintiff until sometime after August 11, 2015 which was nearly two (2) months after the First Amended Complaint was filed. A substantial amount of time was expended by Plaintiff's counsel between August 11, 2015 and the present in reviewing the mass of information received on August 11, 2015 and identifying the portions thereof that are relevant to the instant matter.

2. <u>Dilatory Purposes</u>.  Neither the Plaintiff nor her counsel have at any time during the pendency of this matter exhibited any propensity or actual conduct that

would or could be interpreted as an act with the intent to engage in dilatory tactics.

   3.  <u>Repeated Failures to Cure Deficiencies</u>.  The Plaintiff has not, at this stage of the proceeding, been advised by the Court that there were any deficiencies that had to be cured.  The previous amendment was based on the receipt of additional information relevant to the issue presented in the original complaint and not as a result of a failure to cure a deficiency.

   4.  <u>Undue Delay</u>.  If the Court should decide to grant the instant motion, it will not result in undue delay. No answer(s) or other responsive pleadings have been filed to date by either party.  A case scheduling order has not been agreed to, ordered and/or entered by the Court.  Trial on the merits is certainly not imminent or expected to proceed within a short period of time from the date hereof. The Plaintiff accepts that by its very nature a motion for leave to file an amended complaint, if granted, will occasion a time delay but certainly not a delay that could be defined as an "undue delay" of the nature that would occur had discovery been closed, trial was imminent or the time for amendment pursuant to a properly entered Scheduling Order had passed. (See *Tampa Bay Water v. HDR Engineering, Inc.*, 731 F.3d 1171 (11th Cir. 2013) (amendment denied based on undue delay); *Anderson v. Brown Industries*, 614 Fed Appx. 415 (11th Cir. 2015)(amendment denied based being filed after scheduling order deadline).

   5.  <u>Prejudice to the Opposing Party</u>.  Plaintiff's requested leave to amend and

the amendment itself will not prejudice the Defendant.  The Defendant is more than aware of the allegations and claims as set forth in the Original and First Amended Complaint and will be more than familiar with the allegations and factual information in support thereof set forth in the Second Amended Complaint in light of the fact that the DOJ OIG and the FBI OPR have been conducting an investigation into the activities of SA Jackson and other FBI SA's in the Atlanta FBI office, including those pertaining to the instant matter,  since approximately February 2013 or even earlier.  It is Plaintiff's understanding that this investigation is focused in large part on the dealings and actions, including but not limited to the unconstitutional activities and illegal activities of the CI Chulpayev, the FBI SA's, including SA Jackson, SA Gant and others.  It is also focused on the close personal relationship(s) between and/or among the FBI SA's and the CI Chulpayev and especially that of SA Jackson's close personal relationship with the CI Chulpayev. The OIG and OPR investigations are also focused on the violations of both the DOJ and the FBI CI policies by said FBI SA's and supervisory personnel.

In the proposed Second Amended Complaint, Plaintiff is not making new claims or adding counts to the Complaint of which the Defendant has no knowledge.  Defendant has filed two (2) Motions to Dismiss (Doc. 7 and 13), one of which was dismissed as moot and the second one is pending. There is no surprise, lack of a reasonable opportunity to respond, preclusion of the Defendant

from engaging in pretrial discovery or any other action the Defendant may be inclined to take during the pendency of this matter. In essence, the Defendant will maintain all of its procedural options and there will not be a negative impact on its defense of this matter should the Court see fit to grant the instant motion.

6. <u>Futility of the Amendments</u>.  The amendment is not and will not be futile. The amendment provides the Court with additional factual information not previously available to the Court or the parties.  The Plaintiff, due to the very nature of the workings of the FBI and its use of CI's and the secrecy under which these activities are conducted, is not privy to all of the information regarding the activities, legal and/or illegal, of either the FBI SA's and/or the CI Chulpayev, compliance with reporting requirements, the vetting of the CI, or any other "secretive" activities and thus additional information relevant to the instant matter will have to be discovered through pretrial discovery.  While, as stated above, the Plaintiff argues that the First Amended Complaint satisfies all of the requirements of the United States Supreme Court decisions in *Twombly,* and  *Iqbal*  and their progeny and the numerous Eleventh Circuit cases addressing the same issues regarding plausibility and the sufficiency of pleadings, the proposed amendment provides additional factual information which will further support Plaintiff's already sufficient claims against the Defendant.  The factual information contained in the proposed amendment will also address the alleged deficiencies of the First

Amended Complaint and the legal arguments as contained in Defendant's Motion

to Dismiss, including the argument that the Plaintiff fails to state a claim for which

relief can be granted pursuant to Rule 12(b)(6)  and that the Court lacks

jurisdiction pursuant to Rule 12(b)(1).  These arguments will be addressed below.

For the purposes of this motion, the Plaintiff is fully aware that a complaint may

deemed to be futile "*** if it would be subject to dismissal for failing to state a

claim for which relief can be provided." *Saldivar* at 1328 citing *Corsello v.*

*Lincare, Inc.,* 428 F3d 1008, 1015 (11th Cir. 2005).  However, the determination as

to whether an amended complaint would be "subject to dismissal for failing to state

a claim" or for lack of jurisdiction would logically require the court in its inquiry to

use the same applicable case law and reasoning contained therein with respect to

the amendment as it would in its determination of whether or not to dismiss a

complaint on either of these grounds, subject to the above referenced case law

limitations regarding the Court's determination whether to grant or deny a motion

to amend. Thus, all of the language contained in the *Twombly* and *Iqbal* decisions

is applicable and not only the language that suits those parties who would prefer to

see most Plaintiffs' complaints dismissed as lacking sufficient specificity and

plausibility.

As the Supreme Court has noted, "Federal Rule of Civil Procedure, Rule 8(a)(2)

requires only 'a short and plain statement of the claim showing the pleader is

entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957). To state a claim with sufficient specificity "' requires a complaint with enough factual matter (taken as true) to suggest' the required element." The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation **that discovery will reveal evidence of 'the necessary element'"**, *Secretary of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008) (quoting *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-1296 (11th Cir. 2007) and *Twombly*, 550 U.S. at 556. (Emphasis added). See also *Speaker v. U.S. Dept. of Health & Human Services Centers for Disease Control & Prevention*, 623 F.3d 1371, 1384-86 (11th Cir. 2010) (Plaintiff is only required to plead "enough factual content to nudge his claims across the line from conceivable to plausible")(citing *Twombly*, 550 U.S. at 570). In making a determination as to the sufficiency of the pleadings, the "complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F3.3d 585, 594 (8th Cir. 2009). The allegations need not compel an inference of liability, but need only "allow a reasonable factfinder to draw [that] inference". *Waters Edge Living, LLC v. RSUI Indem. Co., 355 Fed. Appx.* 318, 323 (11th Cir. 2009).

There is one admonition from the *Twombly* court that very seldom sees the light of day: "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable'". *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556). Nor does the substantive plausibility requirement [of Twombly and Iqbal] obligate the Plaintiff to establish or prove her legal theory of the case. See *Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014).

While this motion to amend and not a motion to dismiss is before the Court at this time, the language in the aforementioned court decisions relating to motions to dismiss are applicable in addressing whether or not an amendment is futile and whether or not a motion to amend should be granted or denied.

The Defendant may also argue that there is no state law action against a private person for the conduct alleged by the Plaintiff and the resulting damage to her and thus the amended complaint must fail as it does not meet the requirements of the FTCA and thus there is a failure to state a claim. This argument is without merit. There is Georgia law that protects individuals from the negligent acts of others even to the extent that private individuals can be held liable to third persons for the acts of those with whom they have a close personal relationship and over whom they have a degree of control. See *Bradley Center v. Wessner*, 250 Ga. 199, 200,

14

296 S.E.2d 693 (1982); see *Shortnancy v. N. Atlanta Internal Med., P.C.*, 556 S.E.2d 209, 213 (Ga. App. 2001). In the instant matter, the factual allegations, taken as true for purposes of a Rule 12(b)(6) motion and likewise in a determination of a motion to amend, provide a scenario where the CI Chulpayev and SA Jackson had a very close personal relationship in which Jackson exercised a reasonable degree of control over the actions and activities of CI Chulpayev. ¶¶ 23 thru 38 of the proposed Second Amended Complaint.  As an example of that control, SA Jackson went so far as to prohibit CI Chulpayev from speaking with the SSPD regarding an active investigation into the murder of Melvin Vernell, III, a murder in which CI Chulpayev played a significant role and in which CI Chulpayev was ultimately indicted and pled guilty to a lesser charge. This was confirmed by CI Chulpayev in a subsequent interview with SSPD detectives which Plaintiff has recently obtained.

In the instant case, the allegations pled in the First Amended Complaint and the proposed Second Amended Complaint are more than adequate, taken as a whole and "not parsed, piece by piece … in isolation", to defeat a motion to dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) and thus Plaintiff contends should be more than sufficient to avoid denial of the instant motion.

There is also more than sufficient factual information contained in the allegations set forth in the Second Amended Complaint that support Plaintiff's

claim of negligence based on the Defendant's employees' deliberate indifference. The Defendant's employees were more than aware of the criminal activities of CI Chulpayev.  They had actual notice of the criminal activity and more than encouraged and actually assisted in the illegal and unconstitutional activities, some being done at the request and for the benefit of the Defendant and the FBI SA's. SA Jackson and other FBI SA's took steps to assure that no one, including any state or local law enforcement agencies, interfered with the FBI operations even though their CI was engaging in criminal activities that were harmful to the Plaintiff and other individuals. The FBI went so far as to contact an investigative reporter following his inquiry into the activities of their CI Chulpayev with respect to a stolen automobile case in Rosewell, Georgia and to inquire as to the investigative reporter's reason for inquiry.

This leads us to the Defendant's Rule 12(b)(1) motion, lack of jurisdiction, as an anticipated basis for opposing Plaintiff's leave to amend as being futile. The Defendant may well argue that regardless of how well-pleaded a complaint may be the fact that the court, in Defendant's opinion, lacks jurisdiction over the subject matter of the suit is sufficient to deny a motion to amend and any amendment cannot cure that defect.  This argument must fail as the Defendant makes arguments that are not applicable to the case at bar and the Court does have jurisdiction over the subject matter of this action.

The Plaintiff has not alleged that the Defendant is liable to the Plaintiff for obvious constitutional violations of the civil rights of a number of individuals, those allegations are solely a vivid example of the total disregard for the law by the Defendant's employees.  Rather the Plaintiff has alleged that the Defendant is liable to the Plaintiff for its negligence, including its deliberate indifference, wrongful conduct, and omissions by disregarding its own mandatory policies, disregarding a valid Court Order of Judgment, violating constitutional mandates, its improper and/or illegal activities which it encouraged and assisted the CI Chulpayev, its SA's' questionable close personal relationship with the CI Chulpayev and the FBI's SA's and supervisory personnel's acquiescence, assistance and encouragement of the participation of the CI Chulpayev in numerous illegal activities with the full knowledge that the CI Chulpayev, a convicted violent felon known to engage in said criminal enterprises when it knew or should have known that its CI was engaging in criminal activities and it knew or should have known such activity would cause substantial financial loss to the Plaintiff and other individuals similarly situated.

The Second Amended Complaint, with the addition of the recently discovered factual information, establishes that the FBI agents and their superiors were well aware of the use of Chulpayev as a CI and the very close personal and professional relationship between Chulpayev and SA Jackson and other FBI SA's. Plaintiffs

Second Amended Complaint, as stated above, references that relationship.  There is information recently obtained through the aforementioned Public Records Request that CI Chulpayev wanted to go to the SSPD with information about the Vernell murder but that SA Jackson would not allow him to do so. There is also verified information that someone at the FBI office in Atlanta contacted an investigative reporter who was investigating a stolen auto issue that involved the CI Chulpayev with the specific intent to dissuade the investigative reporter from any further inquiry into CI Chulpayev. There is also information that SA Jackson, working with a detective in Roswell, Georgia, assured that any information about stolen vehicles or CI Chulpayev's illegal activities would not be pursued due to Chulpayev being protected by the FBI.

There is additional information that the Plaintiff does not have access to at this point in time that it is expected will shine additional light on the SA Jackson-Chulpayev connection and the actions and inaction of the FBI and its SA's that can only be discovered through an all-inclusive and intensive pretrial discovery process.   All of these fact-based allegations are relevant to the issue of the negligence, including deliberate indifference, wrongful conduct and omissions of the Defendant.

It is also presumed that the USAO did prosecute and convict one or more individuals that SA Jackson and his squad members investigated and presented to

the USAO for prosecution based on evidence illegally obtained (unconstitutionally used GPS tracking devices or unauthorized audio recordings) and the use of CI Chulpayev who was being used as such in total disregard and in violation of specific mandatory DOJ and FBI policies pertaining to the use and recruitment of CI's. While it is possible the AUSA did not know about the illegal use of the GPS's, the use of unauthorized audio recordings and the use of Chulpayev as a CI in violation of all DOJ and FBI CI policies, it is difficult to accept that the AUSA handling these cases was not aware or at least did not question the origins of the evidence and the manner in which it was collected. If the AUSA did not inquire or was not informed by SA Jackson or any other FBI SA, it is another example of the total disregard for any sense of justice, fairness, law or the constitution and the injury that will result to any individual including the Plaintiff as a result of such conduct.

Lastly, the discretionary function exception to the FTCA is not applicable to the case at bar because the Defendant, by and through its employees, violated state and federal constitutions, engaged in other illegal conduct and violated its own policies which, in Plaintiff's opinion, should never be allowed to be used by the Defendant, the United States of America to justify the use of the "discretionary function exception" of the FTCA to avoid liability for the outrageous actions and inaction of its employees. In *Limone v. United States*, 497 F. Supp. 2d 143 (D.Ma. 2007),

Judge Gertner stated the following regarding the discretionary function exception: "As the title implies, the discretionary function exception images only the conduct of agents exercising judgment within their lawful discretion.  No government actor has "discretion" to violate the Constitution, statutes, regulations or rules that bind them". *Limone* at 204.  Judge Gertner goes on to say, "When the government agents violated their constitutional obligations … they acted outside of their discretion" *Id*. at 204.  In the instant matter, there is no valid explanation for the FBI's transgressions other than a complete disregard by the FBI SA's and their supervisors for the mandated policies.  The rest of the policies regarding CI's are just as stringent and are not discretionary at all.  The constant use of non-discretionary language like "never", "must" and "shall" in the context in which they are used are more than sufficient to establish that the policies are mandatory and                                                        not                                                        discretionary.

Plaintiff submits that if similar or the same arguments relating to the discretionary function and its applicability to the instant matter are accepted in this case, it would be very difficult to imagine when and if the United States of America as a Defendant in an FTCA case could ever be held liable for the actions of its employees especially where federal law enforcement employees are involved.

Therefore, based on the foregoing, the Plaintiff respectfully requests that, in the

interest of justice, Plaintiff's Motion for Leave to Amend be granted.

Plaintiff, also respectfully requests, that in the event that the Court should deny Plaintiff's Motion for Leave to Amend, that she be granted a reasonable period of time within which to respond to the Defendant's Motion to Dismiss.

Respectfully submitted this 14th day of December, 2015

/s/ Craig T. Jones                                    /s/  Louis F. Robbio
Craig T. Jones                                        Louis F. Robbio, Pro Hac Vice
Georgia Bar No. 399476                                Rhode Island Bar No. 0175
The Orlando Firm, PC                                  Law Office of Louis F. Robbio
315 West Ponce de Leon Avenue                         1230 Fishtail Palm Court
Suite 400                                             North Port, FL 34288
Atlanta, GA  30030                                    (941) 429-2194
(404) 373-1800

## **CERTIFICATE OF SERVICE**

We hereby certify that we electronically filed the within and foregoing

with the Clerk of Court using the CM/ECF system.

This 14th day of December, 2015

/s/ Craig T. Jones                                    /s/  Louis F. Robbio
Craig T. Jones                                        Louis F. Robbio, Pro Hac Vice
Georgia Bar No. 399476                                Rhode Island Bar No. 0175
The Orlando Firm, PC                                  Law Office of Louis F. Robbio
315 West Ponce de Leon Avenue                         1230 Fishtail Palm Court
Suite 400                                             North Port, FL 34288
Atlanta, GA  30030                                    (941) 429-2194
(404) 373-1800

## **CERTIFICATE OF COMPLIANCE**

We hereby certify that the documents to which this certificate is attached

have been prepared with one of the font and point selections approved

by the Court in LR 5.1B for documents prepared by computer.


 /s/ Craig T. Jones                             /s/  Louis F. Robbio
Craig T. Jones                              Louis F. Robbio, Pro Hac Vice
Georgia Bar No. 399476                      Rhode Island Bar No. 0175
The Orlando Firm, PC                        Law Office of Louis F. Robbio
315 West Ponce de Leon Avenue               1230 Fishtail Palm Court
Suite 400                                   North Port, FL 34288
Atlanta, GA  30030                           (941) 429-2194
(404) 373-1800